ACCEPTED
15-25-00155-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/23/2025 4:40 PM
CHRISTOPHER A. PRINE
CLERK

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

**Cause No. 15-25-00155-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/23/2025 4:40:00 PM
CHRISTOPHER A. PRINE
Clerk

(On Transfer from the Third Court of Appeals)
Cause No. 03-25-00416-CV

**NEIL GEORGE SWITKOWSKI, Appellant**

v.

**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS,**
**Appellee**

# APPELLANT'S EMERGENCY MOTION TO STAY TRIAL COURT PROCEEDINGS PENDING APPELLATE REVIEW

**Filed Pursuant to 29.3. Temporary Orders of Appellate Court**

When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

**Underlying Cause:** CV40037 (20th Judicial District Court, Milam County, Texas)

## 1. Introduction and Nature of Emergency

Appellant **Neil George Switkowski** respectfully moves this Court to **stay all proceedings in the 20th Judicial District Court of Milam County**, including the hearing set for **Monday, October 27, 2025**, pending resolution of the constitutional and jurisdictional questions now before the Fifteenth Court of Appeals in *Switkowski v. Office of the Attorney General of Texas*.

This emergency stay is necessary to **preserve this Court's jurisdiction** and prevent irreparable harm. The trial court's proceeding involves enforcement actions under **Title IV-D**, the very statutory framework whose constitutionality and standing are under appellate review. Allowing that hearing to proceed would render the appeal **moot, unreviewable, and constitutionally meaningless.**

## 2. Jurisdiction and Procedural Posture

1. Appellant filed his **Notice of Appeal** on **June 13, 2025**, challenging the trial court's dismissal under **Tex. Fam. Code § 231.016.**

2. The **Third Court of Appeals** docketed the case under **No. 03-25-00416-CV** and subsequently transferred it to this Honorable Court by order dated **October 15, 2025.**

3. The issues now pending before this Court include:

   o Whether the Office of the Attorney General (OAG) possessed standing under Title IV-D;

   o Whether the trial court's dismissal violated constitutional due-process guarantees; and

   o Whether the OAG's enforcement constitutes ultra vires conduct.

4. Despite these pending questions, the **trial court has scheduled a new hearing on October 27, 2025**, seeking to enforce the same order and statutes presently under constitutional challenge.

## 3. Legal Basis for Stay

Under **Tex. R. App. P. 29.3**, an appellate court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." Likewise, **Rule 52.10(b)** authorizes interim relief in original proceedings "to preserve jurisdiction or prevent irreparable harm."

Here, proceeding with the hearing would **destroy the subject matter of this appeal** by enforcing a judgment whose jurisdictional validity is precisely what this Honorable Court is being asked to decide. Any enforcement or contempt order

issued before this Court's review would nullify appellate jurisdiction and deny Appellant his constitutional right to be heard.

Moreover, **incarceration for civil contempt** would **prevent Appellant, a pro se litigant, from properly responding to further court inquiries or deadlines**, effectively silencing him during the pendency of his own appeal. This constitutes an **irreparable deprivation of access to the courts** and a violation of due process under **U.S. Const. amends. I & XIV** and **Tex. Const. art. I, §§ 13 and 19.**

A stay is therefore not merely discretionary; it is **constitutionally required** to preserve both the appellate court's jurisdiction and the Appellant's right to meaningful participation in his defense.

# 4. Certificate of Conference

**Certificate of Conference OAG**

Pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), Appellant certifies that no conference with the Office of the Attorney General has occurred. The Office of the Attorney General's jurisdiction and standing to appear as a party of record remain under formal constitutional challenge.

Appellant asserts that any conference prior to judicial determination of standing would be **premature, prejudicial, and legally improper**, as it would imply recognition of authority that is currently contested before this Court. Accordingly, no conference has been held, and Appellant respectfully submits that this motion is properly filed without such communication.

**Certificate of Conference ARCHBOLD**

Pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), Appellant certifies that no conference with Appellee Courtney Sinclair Archbold has occurred. Appellee remains in ongoing violation of **Texas Penal Code § 25.03 (Interference with Child Custody)**, constituting multiple state jail felony offenses. These acts have deprived Appellant of all access to his minor children for over four years, in open defiance of the Standard Possession Order.

Given Appellee's continuing criminal conduct, **no meaningful or good-faith conference can occur** until such violations cease and judicial intervention restores lawful communication between the parties.

**Discretion of the Court**

This request lies solely within the discretion of this Honorable Court. Under the Texas Rules of Appellate Procedure, **only the Court may grant leave to file, accept, or consider a motion outside standard deadline.** Appellee has no authority to consent to or deny such relief, nor can any opposing party exercise judicial discretion reserved exclusively for the Court. Accordingly, Appellant respectfully submits this motion to the Court's sole jurisdiction for consideration on its merits.

# 5. Grounds for Emergency Relief

1. **Preservation of Jurisdiction:**
   The constitutional issues presented, including OAG standing and Title IV-D's historical validity, must be resolved before any enforcement can proceed.

2. **Irreparable Harm:**
   Appellant faces renewed incarceration and financial penalties for an order issued under a statute now under constitutional review. Once imposed, those harms cannot be undone by appellate reversal.

3. **Public Interest:**
   The integrity of appellate review, constitutional due process, and the uniform administration of justice across Texas require that the trial court refrain from action until this Court rules.

# 6. Requested Relief

Appellant respectfully requests that this Honorable Court:

1. **Issue an immediate stay** of all proceedings and hearings in the 20th Judicial District Court, Cause No. CV40037, including the hearing set for **October 27, 2025**;

2. **Order the trial court to take no further action** pending disposition of this appeal or certification of constitutional questions; and

3. **Grant such other and further relief** as this Court deems just and proper to preserve its jurisdiction and prevent irreparable harm.

This motion does not seek rescheduling or relief requiring mutual consent; it is **fully within the discretion of this Honorable Court** and therefore exempt from ordinary conferencing requirements.

Respectfully submitted,

*Neil Switkowski*　10/23/2025

**Neil George Switkowski**
Appellant, Pro Se
2203 Post Oak Rd
Rockdale TX 76567
512-850-0531
Ns512atx@gmail.com

# Certificate of Service

I certify that on October 23, 2025, a true and correct copy of this Motion was served by electronic service through the Court's e-filing system.

*Neil Switkowski*

Neil George Switkowski


**Mr. Deterrean Gamble**
**Assistant Attorney General**
**Child Support Division**
**P. O. Box 12017, Capitol Station**
**Austin, TX 78711-2017**
**\* DELIVERED VIA E-MAIL \***

**Ms. Courtney Sinclair Archbold**
**227 E Bell Ave.**
**Rockdale, TX 76567**
**\* DELIVERED VIA E-MAIL \***

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107231870
Filing Code Description: Motion
Filing Description: APPELLANT???S EMERGENCY MOTION TO STAY TRIAL COURT PROCEEDINGS PENDING APPELLATE REVIEW
Status as of 10/23/2025 4:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| NEIL G.SWITKOWSKI | | ns512atx@gmail.com | 10/23/2025 4:40:00 PM | SENT |
| COURTNEY ARCHBOLD | | Courtneyarchbold@gmail.com | 10/23/2025 4:40:00 PM | SENT |
| Deterrean Gamble | | deterrean.gamble@oag.texas.gov | 10/23/2025 4:40:00 PM | SENT |